UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In Re: Nadine Roundtree Trombacco**

**NADINE ROUNDTREE TROMBACCO,**

        **Appellant,**

v.                                              **Case No: 6:16-cv-1961-Orl-41**
                                                 **Bankr. Case No. 6:16-bk-00188-KSJ**

**LAURIE K. WEATHERFORD,**

        **Appellee.**
_____/

**ORDER**

THIS CAUSE is before the Court on appeal from the Bankruptcy Court's Order Confirming Plan (Doc. 3-2). (Notice of Appeal, Doc. 1, at 1). On January 11, 2016, Appellant, Nadine Roundtree Trombacco, proceeding pro se, filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code. (Bankr. Docket, Doc. 3-3, at 1). Trombacco asserts that she submitted a Chapter 13 Plan that "was confirmed in open court without modifications" at the October 18, 2016 Hearing. (Br. for Appellant, Doc. 15, at 12[1]; *see also* Am. Br. of Appellee, Doc. 17, at 4 (noting the date of the hearing); Doc. 3-3 at 7 (same)). Trombacco then asserts that the Trustee, Appellee Laurie Weatherford, submitted a proposed order that unilaterally modified the terms of the plan, which the Bankruptcy Court adopted without Trombacco's consent. (Doc. 15 at 12–13). The Trustee, on the other hand, asserts that Trombacco agreed to all modifications of the plan at the October 18, 2016 Hearing. (Doc. 17 at 4). Thus, the key information with regard to this appeal is whether or not at the October 18, 2016 Hearing, Trombacco consented to the plan that

---

[1] All pinpoint citations are to the electronic page number.

Page **1** of **3**

was ultimately confirmed. That information would be contained in a transcript of the Hearing.[2] Such a transcript was not provided to this Court.

Federal Rule of Bankruptcy Procedure 8009 places on appellants the burden of designating items to be included in the record on appeal. Fed. R. Bankr. P. 8009(a)(1). It further provides that "[t]he record on appeal must include . . . a transcript of such parts of the proceedings . . . as the appellant considers necessary for the appeal." Fed. R. Bankr. P. 8009(a)(4), (b)(1)(A). Without a transcript of the October 18, 2016 Hearing, this Court "cannot meaningfully review the bankruptcy court's decision," and therefore, the decision must be affirmed. *Owens v. GMAC Mort., LLC (In re Owens)*, 517 F. App'x 896, 897 (11th Cir. 2013) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion. When a *pro se* litigant's failure to do so prevents effective review of the trial court's decision, we must affirm." (quotation omitted)); *see also Baumann v. PNC Bank, N.A.* (*In re Baumann*), 6:15-cv-2129-Orl-37, 2016 WL 4262257, at *4 (M.D. Fla. Aug. 12, 2016)("Appellant's failure to designate and submit the transcript from the Confirmation Hearing leaves the Court with no alternative but to affirm the Bankruptcy Court's . . . Confirmation Order.").

Therefore, it is **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order Confirming Plan (Doc. 3-2) is **AFFIRMED**.

---

[2] It is worth noting that the docket entry for the October 18, 2016 hearing states "Amended Chapter 13 Plan . . . Confirmed as discussed in open court." (Doc. 3-3 at 7).

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2017.



Copies furnished to:

Counsel of Record
Unrepresented Party