ORDERED.

**Dated:  September 21, 2017**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NADINE ROUNDTREE TROMBACCO, | ) | Case No.  6:16-bk-00188-KSJ |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Debtor, Nadine Trombacco, seeks reconsideration of the Order Granting Motion to Dismiss Case for Failure to Maintain Timely Plan Payments ("Dismissal Order")[1] for two primary reasons: (1) there is new evidence that the transcript from her confirmation hearing on October 18, 2016, was "inadvertently not sent" by this Court to the District Court; and (2) the Chapter 13 Trustee may not draft orders so any orders drafted by the Chapter 13 Trustee are void.

A brief history of this case is merited. Debtor filed this Chapter 13 bankruptcy case on January 11, 2016.[2] During the confirmation hearing on October 18, 2016, the Court confirmed a

---

[1] Doc. No. 93 is the Order Granting Motion to Dismiss Case. Doc. No. 94 is Debtor's Motion for Reconsideration. Debtor's arguments primarily go to the Order Confirming Chapter 13 Plan subject to pending appeal before the United States District Court for the Middle District of Florida.
[2] Doc. No. 1.

modified Chapter 13 Plan after discussions with the Debtor and the Chapter 13 Trustee.[3] Debtor sought reconsideration of the Order Confirming Chapter 13 Plan.[4] The Court denied that Motion for Reconsideration,[5] and the Order Confirming Chapter 13 Plan is now subject to a pending appeal before the United States District Court.[6]

In the Court's Order Denying Motion for Reconsideration of Order Confirming Chapter 13 Plan, the Court noted that the Debtor appeared in person at her confirmation hearing.[7] The Chapter 13 Trustee's attorney, understanding the Debtor may need help succeeding in a Chapter 13 case, gave the Debtor a spreadsheet with proposed payments that would pay all claims as required under the Bankruptcy Code and allow the Court to confirm her Chapter 13 plan. The Court then took a 30-minute break to give the Debtor time to consider the payment schedule in the new spreadsheet and to privately ask the Trustee's attorney questions.

When the Court re-called the case, the Debtor was asked if the payments in the spreadsheet were acceptable. Debtor replied, "I guess I can make it work." The Court then confirmed a Chapter 13 Plan that meets the legal requirements of the Bankruptcy Code. The alternative was to dismiss the case because the Debtor's proposal was not confirmable. Debtor later appealed the confirmation order.[8]

As the appeal was pending before the District Court, the Chapter 13 Trustee sought to dismiss the Debtor's case for failure to maintain timely plan payments.[9] The Motion to Dismiss

---

[3] Doc. No. 60.
[4] Doc. No. 62 is the previous Motion for Reconsideration. Doc. No. 61 is the Order Confirming Chapter 13 Plan.
[5] Doc. No. 76.
[6] Case No. 6:16-cv-01961-CEM in the United States District Court for the Middle District of Florida, Orlando Division.
[7] Doc. No. 60.
[8] Doc. No. 63.
[9] Doc. No. 79.

was eventually set for hearing,[10] and the Court dismissed the case at the hearing.[11] About a month before the hearing on the Motion to Dismiss, the District Court affirmed this Court's Order Confirming Plan.[12] Debtor sought reconsideration of the District Court's order as well.[13] Debtor timely moved for reconsideration of the Dismissal Order.

Reconsideration of an order under Rule 59(e) "is an extraordinary remedy to be employed sparingly" due to interests in finality and conservation of judicial resources.[14] "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory … [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."[15] "A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an 'abuse of discretion' standard."[16] Where Courts have granted relief under Rule 59(e), they act to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice.[17]

Debtor's arguments primarily go to the Order Confirming Chapter 13 Plan that is the subject of the District Court appeal. Debtor states that the transcript was not provided to the District Court and attaches a copy of the transcript to her Motion for Reconsideration in this

---

[10] Doc. No. 92.

[11] Doc. No. 93.

[12] Doc. No. 91.

[13] Doc. No. 24 in Case No. 6:16-cv-01961-CEM in the United States District Court for the Middle District of Florida, Orlando Division.

[14] *Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)) (internal quotation marks omitted). Federal Rule of Civil Procedure 59 is incorporated into the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 9023.

[15] *In re Mathis*, 312 B.R. at 914 (quoting *In re Halko*, 203 B.R. 668, 671-72 (Bankr. N.D. Ill. 1996)) (citations omitted).

[16] *In re Mathis*, 312 B.R. at 914 (citing *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) ("The decision to alter or amend judgment is committed to the sound discretion of the [trial] judge and will not be overturned on appeal absent an abuse of discretion.")).

court. Debtor provided the District Court with a copy of the transcript too. Debtor argues also that the Chapter 13 Trustee may not draft orders as a non-attorney so any orders drafted by the Trustee are void.

Debtor misunderstands the local rules and practices in the United States Bankruptcy Court for the Middle District of Florida. The Chapter 13 Trustee may draft and submit proposed orders for the Court's review under Local Rule 9072-1. The Court must review the proposed order and then decide if it wants to enter that order. The Chapter 13 Trustee's submission of proposed orders for review is consistent with local practice. That argument does not merit reconsideration of any order including the Dismissal Order.

In light of the belated submission of the confirmation hearing transcript, the District Court may choose to dispose of the Debtor's Motion to Reconsideration in its own court as it sees fit. The "new evidence" in the form of the confirmation hearing transcript, however, is not cause to reconsider the Dismissal Order. Indeed, the transcript supports the Court's ruling confirming the Chapter 13 Trustee's payment recommendations and then later dismissing this case when the Debtor failed to make the required payments. The Court knew of the record and transcript of the confirmation hearing when it entered the Dismissal Order. The transcript is not new evidence in this Court.

Debtor has not established an intervening change in controlling law, newly available evidence, clear error, or manifest injustice. The facts are straight forward. The Court confirmed a Chapter 13 Plan that set forth minimum payments required by the Bankruptcy Code. Debtor failed to maintain her plan payments, and the Court dismissed her case.

---

[17] *In re Mathis*, 312 B.R. at 914 (citations omitted).

Debtor remains free to pursue her pending appeal in the United States District Court or file a new appeal, but this Motion for Reconsideration (Doc. No. 94) is **DENIED.**

### ###

The Clerk is directed to serve a copy of this order on all interested parties.